UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

FLOYD MICHEL LANE,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 5:21-cv-00114

MAJOR D. J., CAPTAIN BURTON,
SARGENT LESTER, SARGENT COX,
CORPORAL CLEAR, CORPORAL COX,
CORPORAL TONY, CORPORAL HANES,
CORPORAL COULTURE, CORPORAL
GRANT, CORPORAL WIMMER,
CORPORAL POWERS, CORPORAL
MITCHUM, CORPORAL BOOTH,
CORPORAL STURGIL, OFFICER
MAXWELL, CORPORAL SAMPSON,
CORPORAL PACK, and
COUNSELOR MARTIN,

    Defendants.

**ORDER**

Pending is Plaintiff's Complaint [Doc. 2], filed February 16, 2021. This civil rights action was initiated after *pro se* Plaintiff Damron filed an Amended Complaint against the defendants on his own behalf and as representative for Mr. Lane and two other prisoners. [Civil Action No. 5:21-cv-00085, Doc. 5]. The Court informed Mr. Damron he could not represent the other plaintiffs because doing so would constitute the unauthorized practice of law and directed Mr. Damron to amend his Complaint to exclude Mr. Lane and the other prisoners. [*Id.* at Doc. 6]. The Court directed the Clerk to open new civil actions as to each Plaintiff, include a copy of Mr. Damron's Amended Complaint [*Id.* at Doc. 5], and directed each Plaintiff to file a separate, Amended Complaint naming defendants and pleading specific facts as to each alleged

constitutional violation. [*Id.* at Doc. 6]. Since that time, Mr. Lane has not filed an Amended Complaint.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 21, 2021. Magistrate Judge Aboulhosn recommended that the Court dismiss the action from the Court's docket for failure to prosecute. [Doc. 5].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due October 8, 2021. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 5**] and **DISMISSES** the matter for failure to prosecute under Rule 41(b) of the *Federal Rules of Civil Procedure*.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 18, 2021

Frank W. Volk
United States District Judge